**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAN FEIMAN, | No.   14-56299 |
| Plaintiff-Appellant, | D.C. No.<br>2:12-cv-03549-JGB-JC |
| v. | |
| CITY OF SANTA MONICA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted August 1, 2016
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and CALLAHAN, Circuit Judges.

Alan Feiman, a professional Marx Brothers impersonator, was arrested for

allegedly violating California Penal Code § 647(f) which makes it illegal to be

intoxicated in public "in a condition that he or she is unable to exercise care for his

or her own safety or the safety of others."  He was released after six hours and no

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

criminal charges were brought against him.  Feiman filed this § 1983 action

alleging that his arrest and detention violated his constitutional rights, primarily

because the officer had no probable cause to detain him.  His action went to trial

and the jury returned a verdict in favor of the defendant officers.  Feiman appeals,

arguing that the district court (1) erred in dismissing his claims under the Bane Act,

California Civil Code § 52.1; (2) abused its discretion by imposing a 5-hour limit

on the presentation of his case; (3) erred in denying his post-verdict motions

regarding probable cause to arrest; (4) improperly instructed the jury; (5)

improperly limited the testimony of a percipient witness; and (6) erred in refusing

to allow Feiman to testify that he had never been arrested before.  We affirm.

**1.**  The district court did not err in dismissing Feiman's claim under the Bane

Act, California Civil Code § 52.1.   The Bane Act provides for a cause of action

where the defendant used "threat, intimidation, or coercion" to interfere with the

plaintiff's constitutional rights.  The district court, relying on *Gant v. County of

Los Angeles*, 765 F. Supp. 2d 1238 (C.D. Cal. 2011), held that a wrongful arrest

without more does not satisfy the elements of the Bane Act.  In *Lyall v. City of Los

Angeles,* 807 F.3d 1178, 1196 (9th Cir. 2015), we affirmed that a plaintiff must

allege threats or coercion beyond the coercion inherent in a detention in order to

recover under the Bane Act.  We are bound by *Lyall*.  *Lair v. Bullock*, 798 F.3d

736, 745 (9th Cir. 2015) (as amended); *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 875 (9th Cir. 2014). As Feiman has not alleged coercion beyond that inherent in his detention, the district court's dismissal of his Bane Act claims is affirmed.

2. Feiman has not shown that he is entitled to relief based on the district court's imposition of a 5-hour time limit on the presentation of his case. We "review[] issues relating to the management of trial for an abuse of discretion." *Gen. Signal Corp v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1507 (9th Cir. 1995). Although rigid time limits are disfavored, a party objecting to the time limit "must show there was harm incurred as a result" of the limitation. *Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 451 (9th Cir. 1994). Feiman did not object when the district court imposed its time limit at the final pretrial conference, he did not make an offer of proof when time expired for the presentation of his case, and his motion for new trial failed to explain how the time limit substantially prejudiced the presentation of his claims. Feiman has not shown either that time pressures precluded him from calling additional witnesses or that the additional witnesses were critical to his case. Accordingly, he has not shown the prejudice necessary to warrant relief.

3. The district court did not err in denying Feiman's post-trial motion regarding probable cause for his arrest. The denial of a motion for judgment as a

matter of law is reviewed de novo, but the Ninth Circuit gives substantial deference to the jury's verdict. *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 452–53 (9th Cir. 2013). An appellate court can only reverse if the verdict was contrary to the clear weight of the evidence. *Tortu v. Las Vegas Metro. Police Dep't.*, 556 F.3d 1075, 1083 (9th Cir. 2009). There was conflicting evidence as to whether Feiman appeared to be incapacitated due to intoxication. Feiman has not shown that the jury's verdict was not supported by the evidence. The district court's denial of his post-trial motion for judgment as a matter of law is affirmed.

**4.** The district court did not err in declining Feiman's proposed jury instruction concerning California Penal Code § 647(f). We review a district court's formulation of jury instructions in a civil case for abuse of discretion, *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002), but review de novo whether the instruction misstates the law. *Fireman's Fund Ins. Co. v. Alaskan Pride P'ship*, 106 F.3d 1465, 1469 (9th Cir. 1997). Jury Instruction 20 was based on a Ninth Circuit Model Instruction and quoted § 647(f) verbatim. The district court did not misstate the law. Feiman's proposed language reiterated what was obvious in § 647(f) and did not improve on its language.

**5.** The district court did not commit prejudicial error by limiting the testimony of Ron Cordiel. We afford broad deference to a district court's

4

evidentiary rulings, and to reverse we must find that the district court abused its discretion and that the error was prejudicial. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008). In a pretrial order, the district court ruled that Cordiel as a lay witness could testify as to whether Feiman appeared to be intoxicated when he was detained, but could not testify that he would have known if Feiman was intoxicated because Cordiel did not qualify as an expert witness under Federal Rule of Evidence 702. At trial, Cordiel testified that Feiman did not appear to be intoxicated. It does not appear that the district court's limitation on Cordial's testimony was an abuse of discretion, but even if it were, Feiman has failed to show prejudice from the limitation.

**6.** Finally, as Feiman's personal history at most would have been relevant only to his claim of damages and we affirm the district court's ruling in favor of defendants, we find neither an abuse of discretion nor prejudice from the district court's refusal to allow Feiman to testify that he had never been previously arrested.

The judgment for the defendants is **AFFIRMED**.